USAO Rev. 04/24

Filed In open Court

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal Action No. 25-55-JLH |
| ERIC QUINN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Dylan J. Steinberg, Acting United States Attorney for the District of Delaware, and Bryan C. Williamson, Assistant United States Attorney, and the defendant, Eric Quinn, by and through his attorney, Janet Bateman, Esquire, the following agreement is hereby entered into by the respective parties:

1.      The defendant shall waive indictment and plead guilty in the United States District Court for the District of Delaware to Count One of the Information, which charges him with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8); and Count Two of the Information, which charges him with possession of a machinegun, in violation of 18 U.S.C. §§ 922(o)(1) and 924(a)(2).

2.      The defendant understands that the maximum penalties for Count One are:  15 years of imprisonment; a $250,000 fine; 3 years of supervised release; and a $100 special assessment.  The maximum penalties for Count Two are: 10 years of

imprisonment; a $250,000 fine; 3 years of supervised release; and a $100 special assessment.

3.     The defendant understands that if there were a trial with regard to Count One, the government would have to prove the following elements beyond a reasonable doubt: (1) the defendant knowingly possessed a firearm or ammunition; (2) at the time of the charged act, the defendant previously had been convicted of a crime punishable by incarceration for a term exceeding one year; (3) at the time of the charged act, the defendant knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year; and (4) the defendant's possession of the firearm and ammunition was in and affecting interstate and/or foreign commerce. The defendant knowingly, voluntarily, and intelligently admits his guilt to each of the above-described elements of Count One.

4.     The defendant understands that if there were a trial with regard to Count Two, the government would have to prove the following elements beyond a reasonable doubt: (1) the defendant knowingly possessed a machinegun; and (2) the defendant knew, or was aware of, the essential characteristics of the firearm which made it a machinegun as defined by the Gun Control and National Firearms Act. The defendant knowingly, voluntarily, and intelligently admits his guilt to each of the above-described elements of Count Two.

5.     The defendant is pleading guilty to Counts One and Two because he is, in fact, guilty.

2

6.      Pursuant to Section 6B1.4 of the November 1, 2024, edition of the United States Sentencing Guidelines Manual ("U.S.S.G."), the parties enter into the following stipulations:

a.      The offense, including relevant conduct as defined in U.S.S.G. § 1B1.3, involved between 8 and 24 firearms.   Thus, U.S.S.G. § 2K2.1(b)(1)(B) applies.

b.      The defendant knew that one or more firearms involved in the offense were not marked with a serial number or was willfully blind to or consciously avoided knowledge of such fact.   Thus, U.S.S.G. § 2K2.1(b)(4)(B)(ii) applies.

c.      Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with the acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, it will not oppose a two-level reduction in the Offense Level pursuant to U.S.S.G. § 3E1.1(a). Further, should it be determined that the defendant's Offense Level is 16 or greater prior to the application of the aforementioned two-level reduction, the United States agrees that the defendant's Offense Level should be reduced by one additional level, pursuant to U.S.S.G. § 3E1.1(b), for a total reduction of three levels.

3

It is understood and agreed that: (1) the parties are free to argue (except as stated above) the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, adjustments, cross-references, and departures; (2) these stipulations are not binding upon either the Probation Office or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed.

7.     The United States retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate and to defend the rulings of the District Court at any subsequent proceeding.

8.     The defendant understands that the District Court must consider the United States Sentencing Guidelines, the applicable statutory maximum penalties, and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence.    The defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge.    The Court may impose a sentence that exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines.    The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, is otherwise different than the defendant expected, or is contrary to the

4

recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

9.      The defendant agrees to forfeit pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and 26 U.S.C. § 5872 all firearms and ammunition involved in the commission of Counts One and Two, including but not limited to (i) a Remington model 597 rifle bearing serial number B2687114; (ii) 1,031 rounds of 9-millimeter ammunition; (iii) 230 rounds of .300 Blackout ammunition; (iv) 335 rounds of .40-caliber ammunition; (v) 100 rounds of .22-caliber ammunition; (vi) 340 rounds of 10-millimeter ammunition; and (vii) all machinegun conversion devices and machinegun conversion device parts (collectively, the "Property").    The defendant agrees to waive any and all interests in any such Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.    The defendant agrees to consent to the entry of orders of forfeiture for such Property and waives the requirements of Federal Rule of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the judgment, as well as any applicable deadlines required by 18 U.S.C. § 983(a).    The defendant acknowledges that he understands that forfeiture of the Property, if the government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon the defendant in this case, and the defendant waives any failure by the

5

Court to advise the defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the guilty plea is accepted.  Pursuant to Rule 32.2(b)(3), the defendant will promptly consent to the preliminary order of forfeiture becoming final as to the defendant before sentencing if requested by the government to do so.

10.    The defendant agrees that, beyond the firearms and ammunition described on paragraph 9, any additional firearms and ammunition as defined in 18 U.S.C. § 921, seized from defendant and currently in the custody and/or control of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, were properly seized and are subject to forfeiture to the government according to 18 U.S.C. § 924(d) or that the firearms and ammunition constitute evidence, contraband, or fruits of the crimes to which he has pled guilty.  As such, the defendant hereby relinquishes all claim, title and interest he has in the firearms and ammunition to the United States and agrees to the administrative forfeiture or destruction of the firearms and ammunition by the Bureau of Alcohol, Tobacco, Firearms, and Explosives, and further waives any right to receive notice of any administrative forfeiture proceeding involving the firearms and ammunition.  As part of the plea agreement in this case, the defendant hereby voluntarily abandons all right and claim to (i) a Midwest Industries rifle with cage code 6LQF0, bearing no serial number; (ii) a rifle with a green stock from an unidentified manufacturer, bearing no serial number; (iii) a rifle from an unidentified manufacturer that is missing a charging handle, bearing no serial number; (iv) a rifle

6

with a Shockwave brace stock from an unidentified manufacturer, bearing no serial number; (v) a rifle with a Riton scope from an unknown manufacturer, bearing no serial number; (vi) a tan Polymer80 pistol with PF45 on its handle, bearing no serial number; (vii) a black and gray Polymer80 pistol with PF940C on its handle, bearing no serial number; (viii) a black Polymer80 pistol with PF940V2 on its handle, bearing no serial number; (ix) a black and gray Polymer80 pistol with PF94V02 on its handle, bearing no serial number; (x) a black and tan Polymer80 pistol with PF955 on its handle, bearing no serial number; (xi) a black and tan Polymer80 pistol with PF9405C on its handle, bearing no serial number; (xii) a black Polymer80 pistol with PF940C on its handle, bearing no serial number; and (xiii) a black Polymer80 pistol with PF940C on its handle, bearing no serial number.

11.    The defendant agrees to pay the $200 special assessment the day of sentencing.   Should he fail to do so, or should he have other outstanding financial responsibilities as a result of his plea of guilty to Counts One and Two, the defendant agrees to voluntarily enter the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

12.    This Memorandum expressly incorporates Attachment A, which is attached hereto and filed under seal.   The government routinely files such an

attachment, even though it may or may not contain additional terms.   To the extent, however, that Attachment A contains additional terms, the parties acknowledge and agree to be bound by those terms.

13.   It is further agreed by the undersigned parties that this Memorandum — together with sealed Attachment A — supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification provisions of this paragraph.

DYLAN J. STEINBERG
ACTING UNITED STATES ATTORNEY

_____
Janet Bateman, Esquire
Attorney for Defendant

By: _____
Bryan C. Williamson
Assistant United States Attorney

_____
Eric Quinn, Defendant

Dated: 6/18/25

**AND NOW**, this _18_ day of _June_, 2025, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
THE HONORABLE JENNIFER L. HALL
UNITED STATES DISTRICT JUDGE